IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE RAY, JR., )<br>)<br>　　　　　　Petitioner, )<br>)<br>　vs. )<br>)<br>Steven W. Ornoski, as Acting )<br>Warden of San Quentin State )<br>Prison,* )<br>)<br>　　　　　　Respondent. )<br>――――――――――――――――――――――― ) | Case No. CIV. F-96-6252-AWI<br><br><u>DEATH</u> <u>PENALTY</u> <u>CASE</u><br><br>ORDER GRANTING REQUEST TO APPOINT COUNSEL; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS REGARDING STATUS OF STATE PROCEEDINGS; AND DIRECTING PETITIONER TO SCHEDULE A CASE MANAGEMENT CONFERENCE |

　　　This matter is before the Court on the application of Petitioner Clarence Ray, Jr. ("Ray") to refer his case to the Selection Board of the Eastern District of California for appointment of federal counsel. The Court previously, on February 13, 1997, denied Ray's request for appointment of counsel without prejudice due to the pendency of a state petition for post-conviction relief, since under then-controlling precedent and policy, federal habeas litigants were not permitted to work on federal habeas cases while state exhaustion proceedings were pending. As Ray points out in his moving papers, the Supreme Court decision in *Rhines v. Weber*, 544 U.S. ___, 125 S.Ct. 1528 (2005) has altered precedent in this regard. Under *Rhines*, federal habeas litigants are now permitted to proceed with some

---

　* Steven W. Ornoski is substituted for his predecessor, Jeanne S. Woodford, as Acting Warden of San Quentin State Prison pursuant to Federal Rule of Civil Procedure 25(d).

96dp6252.O2ApptCounsel.Ray.wpd

1  aspects of litigation of federal habeas petitions though state
2  exhaustion proceedings have not been completed.
3      The Court finds good cause for granting Ray's request.  Due to
4  the procedural status of the case, however, the Court also finds it
5  necessary to require Ray to file quarterly status reports concerning
6  the progress of state proceedings and to schedule a case management
7  conference to discuss matters that may be of interest to Respondent
8  Steven W. Ornoski, As Acting Warden of San Quentin State Prison (the
9  "Warden") and his counsel.  As a backdrop for the anticipated case
10 management conference, the chronology of Ray's post-conviction efforts
11 in federal and state court is detailed:
12 •    November 8, 1996, Ray commenced this action in the Sacramento
13     Division of the Court seeking a temporary stay of execution and
14     appointment of counsel.
15 •    November 14, 1996, Ray filed a petition for state habeas relief
16     in the California Supreme Court.
17 •    November 25, 1996, after the case was transferred to the Fresno
18     Division of the Court, Ray added a request for leave to proceed
19     in forma pauperis; all requests were granted.
20 •    December 18, 1996, the Court entered an order modifying the
21     duration of the stay of execution to and including February 7,
22     1997, while the Selection Board recommended counsel for
23     appointment.
24 •    February 13, 1997, in response to a request to extend the
25     temporary stay of execution another 45 days during the process
26     of recommending counsel, the Court denied without prejudice the
27     request for stay and foreclosed further efforts to appoint
28     counsel on account of the pending state exhaustion petition.

1 • September 27, 2002, Ray filed a second state habeas petition,
2 alleging a single claim under *Atkins v. Virginia*, 536 U.S. 307
3 (2002).
4 • April 9, 2003, the California Supreme Court denied Ray's initial
5 state habeas petition (filed November 14, 1996).

The Court grants Ray's request for appointment of counsel, and to that end, refers the case to the Selection Board for the Eastern District of California. The Court requests that the Selection Board keep the Court apprised, through informal communications on a monthly basis, of the Board's efforts in finding suitable counsel.

Because the Court learned for the first time when reviewing the present application that Ray's initial state habeas petition was denied over two and one-half years ago, with no notification to this Court, and further that a second state habeas petition was filed over three years ago, again with no notification to this Court, the Court requires Ray to file with the Court quarterly status reports describing the progress of state court proceedings. These quarterly status reports shall be filed at the beginning the first, fourth, seventh, and tenth months of each calendar year, beginning with January 2006.

To provide the Warden an opportunity to address the present order, the status of the state habeas petition, Ray's plans for filing his initial federal petition, or any other matter, the Court will conduct a preliminary case management conference. To accomplish this, Ray, though the Office of the Federal Defender and the Selection Board for the Eastern District of California will schedule a case management conference with the Court at the earliest date available on the

Court's calendar at which a representative from the Federal Defender's Office and the Attorney General's Office are able to attend. The conference shall be conducted telephonically, with the Federal Defender responsible for arranging and initiating the call. The Federal Defender shall provide written notice of the hearing by filing a Notice of CMC.

IT IS SO ORDERED.

DATED:   December 30, 2005

                                                /s/ Anthony W. Ishii
                                                  Anthony W. Ishii
                                            United States District Judge