1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  CLARENCE RAY, JR.,              )      Case No. CIV. F-96-6252-AWI
                                   )
10                Petitioner,      )      DEATH PENALTY CASE
                                   )
11     vs.                         )      ORDER  FOLLOWING  PRELIMINARY
                                   )      CASE MANAGEMENT CONFERENCE
12  Steven W. Ornoski, as Acting   )
   Warden of San Quentin State     )      DATE:     February 22, 2006
13  Prison,                        )      TIME:     8:30 a.m.
                                   )      COURTROOM TWO
14                Respondent.      )
   _____)

15

16         This matter came on for a case management conference in the above

17  entitled Court on February 22, 2006 at 8:30 a.m., the Honorable

18  Anthony W. Ishii, presiding.  Petitioner Clarence Ray, Jr. ("Ray") was

19  represented by Assistant Federal Defender Tim Schardl, on behalf of

20  the Selection Board of the Eastern District of California.  Respondent

21  Steven W. Ornoski, as Acting Warden of San Quentin State Prison (the

22  "Warden"), was represented by Deputy Attorney General Marcia Fay.

23         After having been on state exhaustion for nearly nine years, Ray,

24  on December 28, 2005, requested the Court to refer his federal case

25  to the Selection Board of the Eastern District of California for

26  recommendation of qualified appointed counsel.  The Court granted

27  Ray's request on December 30, 2005, and additionally directed the

28  parties to appear telephonically for a preliminary case management

conference.  The purpose of the hearing was to hear from both parties regarding the status of pending state exhaustion proceedings, from the Selection Board concerning the status of its recommendation of suitable counsel for Ray, and from the Warden regarding any issues about proceeding in federal court during the pendency of state exhaustion proceedings.

Both Mr. Schardl and Ms. Fay responded that state exhaustion proceedings remain pending with no dates or hearings scheduled in the California Supreme Court.  The last activity in the case was in February of 2003.

With respect to appointment of counsel, Mr. Schardl informed the Court that the Federal Defender's Office is trying to determine whether it will be able to represent Ray in light of a sudden influx of new capital federal cases.  Since Ray is housed in a prison under the jurisdiction of the state of Michigan, and that is where Mr. Schardl states he will continue to be housed, the Selection Board is considering the recommendation of out-of-state counsel for the appointment.  The determination of whether the Federal Defender's Office will represent Ray likely will be made by March 1, 2006, the same date the Office will determine its availability for an appointment in another capital case pending in the Fresno Division of the Eastern District.  Other than a determination as to when the Federal Defender's Office will decide its availability for appointment in this matter, Mr. Schardl informed the Court that the Selection Board cannot provide an estimate as to when a recommendation for appointment of counsel may be made.

Ms. Fay informed the Court that the Warden has no objection to the appointment of federal counsel during the pendency of state

exhaustion proceedings.  All defenses and objections on the grounds of the statute of limitations and/or procedural default, however, are reserved by the Warden, and will be advanced at the time Ray files his federal petition, as deemed necessary.

Pending the recommendation of counsel to represent Ray in these federal proceedings, Mr. Schardl indicated the willingness of the Federal Defender's Office to file quarterly status reports of the progress of the state exhaustion proceedings, as the Court previously ordered.  The Court additionally directs the Selection Board to provide an informal status report on its progress in locating qualified counsel.  The informal status report may be in the form of a letter addressed to the Court and transmitted within five calendar days from the filing of this order.  If a recommendation of counsel cannot be made within 90 days from Ray's original request for appointment of counsel (December 28, 2005), the Court will require a follow-up status report letter explaining the circumstances of the delay no later than March 31, 2006.


IT IS SO ORDERED.


DATED:   February 22, 2006

                                    /s/ Anthony W. Ishii
                                  Anthony W. Ishii
                                  United States District Judge