IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE RAY, JR.,<br><br>        Petitioner,<br><br>    vs.<br><br>Robert L. Ayers, Jr., as Warden of<br>San Quentin State Prison,<br><br>        Respondent. | Case No. 1:96-CV-06252-LJO<br><br>DEATH PENALTY CASE<br><br>ORDER VACATING HEARING DATE AND GRANTING PETITIONER'S MOTION TO LIFT ABEYANCE ORDER FOR PURPOSE OF FILING AMENDED PETITION<br><br>VACATED HEARING DATE: June 18, 2007 |

       This matter is before the Court on the request of Petitioner Clarence Ray, Jr. ("Ray") to lift the abeyance order currently in effect to permit him to file his proposed Amended Petition. Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison (the "Warden") has filed a "conditional" non-opposition reserving defenses and arguments he may choose to advance later in the proceedings.

**I.    Background.**

       On June 13, 2006, Ray filed his initial federal Petition for a writ of habeas corpus and on the same day a motion to hold federal proceedings in abeyance. At the time, Ray's first state habeas petition, originally filed on November 14, 1996, had been denied as untimely and on the merits by the California Supreme Court. The state court's denial of Ray's first state habeas petition was dated April 3, 2003. A second state habeas petition, filed on September 27, 2002, however, was (and is) pending. The second state habeas petition contests Ray's death sentence as unconstitutional because he is mentally retarded. *See Atkins v. Virginia*, 536 U.S. 304 (2002).

       The Warden strenuously contested Ray's abeyance motion on the dual grounds that some of the claims contained in the federal Petition had not been exhausted in state court and, separately, that the

1 Petition was untimely. The Court granted Ray's motion for abeyance on July 20, 2006, but specifically
2 declined to rule on the timeliness of the Petition or the exhaustion status of claims contained in the
3 Petition, instead reserving those arguments for closer consideration upon the conclusion of state court
4 proceedings.

5   On March 14, 2007, Ray filed a third state habeas petition, which is supported by substantial
6 evidence developed during his federal habeas investigation. Both the second and third state habeas
7 petitions are pending before the California Supreme Court.

8 **II.   The Present Request.**

9   Ray describes his present motion as "a simple housekeeping matter" so that his operative federal
10 Petition will conform to constitutional claims previously presented to the California Supreme Court.
11 He further represents that any disputes between the parties regarding procedural or substantive issues
12 can be litigated once state proceedings have concluded.

13 **III.   The Warden's Response and Concerns.**

14   In describing his non-opposition to Ray's present motion as "conditional," the Warden expressly
15 reserves all defenses to the claims presented in the Amended Petition, including those relative to the
16 statute of limitations, the relation back doctrine, and exhaustion. The Warden further clarifies that he
17 does not concede abeyance of federal proceedings should continue indefinitely, or that in this case,
18 abeyance should remain in effect until Ray's state proceedings are concluded, if his outstanding state
19 petitions "continue to remain unresolved." The Warden reserves the right to request the Court to resume
20 federal proceedings in the future.

21 **IV.   Resolution.**

22   With the exception of Ray's obligation to file quarterly status reports on the progress of state
23 proceedings, the July 20, 2006 order held in abeyance all litigation in this federal action. Accordingly,
24 Ray appropriately has requested permission to lift the abeyance order to permit the filing of his Amended
25 Petition. There being no opposition to the filing of the Amended Petition, Ray is authorized to do so.

26   Although Ray attached a copy of the proposed Amended Petition to his present motion, the actual
27 Amended Petition has not been filed. Nor is the proposed Petition complete; it refers to exhibits
28 attached to the original federal Petition. When Ray actually files his Amended Petition, pursuant to this

Order, all pertinent exhibits shall be attached to the pleading. He need not, however, attach excerpts from the state record.

All claims and defenses raised by the allegations in the Amended Petition are to be litigated when federal proceedings are resumed, whether upon conclusion of state proceedings, or following a successful motion of either party. The Court cautions, however, that so long as a valid state habeas petition is pending in state court, this Court will not venture to reach either the issue of statutory or equitable tolling of the statute of limitations. Such effort would be totally wasted were the California Supreme Court to decide that Ray is entitled to relief. The Court is interested in conserving scarce judicial resources. Accordingly, the parties are advised that the Court is not inclined to address any procedural or substantive issues raised by the Amended Petition prior to the conclusion of state habeas proceedings, absent very compelling circumstances.

The moving and responding arguments are clearly and adequately set forth in the parties' respective points and authorities. The Court declines to conduct a hearing on this matter, either in person or telephonically. The hearing, currently set for June 18, 2007 at 8:30 a.m. is vacated.

IT IS SO ORDERED.

DATED:  June 5, 2007

       /s/ Lawrence J. O'Neill
       Lawrence J. O'Neill
       United States District Judge