# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE RAY, JR., <br><br> Petitioner, <br><br> v. <br><br> RON DAVIS, Warden of the California State Prison at San Quentin,[1] <br><br> Respondent. | Case No. 1:96-cv-06252-LJO-SAB <br><br> DEATH PENALTY CASE <br><br> VOLUNTARY DISMISSAL <br><br> (ECF No. 91) <br><br> CLERK SHALL CLOSE THE ACTION |

Before the Court is Petitioner's October 5, 2015 notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

## I.

## BACKGROUND

Petitioner's conviction and sentence of death in Kern County were affirmed by the California Supreme Court on May 6, 1996. People v. Ray, 13 Cal. 4th 313 (1996). A petition for writ of certiorari was denied on November 4, 1996. Ray v. California, 519 U.S. 967 (1996).

On November 8, 1996, Petitioner initiated this action by filing requests for appointment

---

[1] Pursuant to Fed. R. Civ. Proc. 25(d), Ron Davis, Warden of San Quentin State Prison, is substituted as Respondent in place of his predecessor wardens.

1

of counsel and stay of execution.

On June 13, 2006, Petitioner, through appointed counsel, filed a federal petition for writ of habeas corpus.

This Court stayed proceedings pending exhaustion of state habeas claims including under Atkins v. Virginia, 536 U.S. 307 (2002) (holding that the Eighth Amendment prohibits the execution of mentally retarded persons).

The stay was temporarily lifted to allow Petitioner to file a June 7, 2007 amended federal petition. The amended petition is the operative pleading and remains stayed.

On August 6, 2015, petitioner filed in this action a notice of ruling by the Kern County Superior Court, granting Petitioner's state habeas petition, vacating his death sentence and resentencing him to life without possibility of parole based upon the parties' stipulation and the court's finding that petitioner is intellectually disabled and exempt from execution under Atkins.

Petitioner's state habeas claims challenging his conviction for first degree murder and his felony special murder circumstance remain pending with the California Supreme Court. In Re Ray, California Supreme Court Case No. S150974.

**II.**

**DISCUSSION**

Petitioner, through his appointed counsel, cites to the above developments in seeking to withdraw his federal amended petition.

Subject to other provisions of law, a plaintiff may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except upon order of the court and upon such terms and conditions as the court deems proper. Id.

The rules of civil procedure apply to habeas corpus petitions only "when appropriate" and "to the extent that they are not inconsistent with" any statutory provisions or the rules governing habeas corpus cases. Rule 12, Rules Governing Section 2254 Proceedings in the United States District Courts. See e.g., Williams v. Clarke, 82 F.3d 270 (8th Cir. 1996) (applying Rule 41(a) to habeas proceeding); Howard v. On Habeas Corpus, 2013 WL 1098334

(E.D. Cal. March 15, 2013) (same); Pedrina v. Chun, 987 F.2d 608 (9th Cir. 1993) (holding the right to dismiss under Rule 41(a)(1)(A) is absolute).

Here, the October 5, 2015 notice of voluntary dismissal is appropriately brought under Rule 41(a). A notice, rather than a motion, for voluntary dismissal is appropriate because Respondent has yet to file an answer to the petition or a motion for summary judgment in this action.

The October 5, 2015 notice of voluntary dismissal, which follows the grant of state habeas relief vacating Petitioner's death sentence, is not contrary to law or the rules governing habeas corpus cases.

The dismissal of the amended petition will be denominated as a dismissal without prejudice.

## III.
## ORDER

Accordingly, it is ORDERED that:

1. The amended petition for writ of habeas corpus (ECF No. 40) is DISMISSED without prejudice,
2. Any and all pending motions are DENIED as MOOT,
3. Any and all scheduled dates are VACATED, and
4. The Clerk is DIRECTED to close this action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

Dated:  **October 13, 2015**           **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE